IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Thomson Licensing SAS<br>and Thomson Licensing LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Chimei Innolux Corporation, Innolux<br>Corporation, Chi Mei Optoelectronics USA,<br>Inc., and MStar Semiconductor, Inc.,<br><br>Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Thomson Licensing SAS and Thomson Licensing LLC, (collectively, "Thomson Licensing") bring this action against Chimei Innolux Corporation, Innolux Corporation, Chi Mei Optoelectronics USA, Inc., (collectively, "the Chimei Innolux parties"), and MStar Semiconductor, Inc. (MStar), and allege as follows:

### PARTIES

1.      Thomson Licensing SAS is a French société par actions simplifiée organized and existing under the laws of France.  Thomson Licensing SAS maintains its principal place of business at 1-5 rue Jeanne d'Arc, 92130 Issy-les-Moulineaux, France.

2.      Thomson Licensing LLC is organized and existing under the laws of Delaware.  Thomson Licensing LLC maintains its principal place of business at 2 Independence Way, Princeton, New Jersey 08543.

3.      Thomson Licensing SAS is a wholly-owned subsidiary of Technicolor, S.A., a French société anonyme.  Thomson Licensing LLC is a wholly-owned subsidiary of Technicolor USA, Inc., which is a wholly-owned subsidiary of Technicolor, S.A.

4.      On information and belief, Chimei Innolux Corporation (Chimei) is a Taiwanese corporation with its principal place of business at No. 160, Kesyue Rd., Jhunan Science Park, Miaoli County 350, Taiwan, R.O.C.  Chimei was formed in March 2010 following the merger of Innolux Display Corporation, Chi Mei Optoelectronics, and TPO Displays Corporation.

5.      On information and belief, Chimei is in the business of developing, manufacturing, marketing, and selling liquid crystal display (LCD) devices (Chimei Innolux LCD Products), including monitors, televisions, modules, and panels.  Chimei directs those products to the United States, including this judicial district, through established distribution channels under various brand names knowing that these products are imported into, sold, offered for sale, and/or used within the United States, including this judicial district.

6.      On information and belief, Innolux Corporation (Innolux) is a subsidiary of Chimei and is organized and existing under the laws of Texas with its principal place of business at 2525 Brockton Drive, Suite 300, Austin, Texas 78758.  On information and belief, Innolux is in the business of either directly or indirectly importing into, selling, and/or offering for sale Chimei Innolux LCD Products within the United States, including this judicial district.

7.      On information and belief, Chi Mei Optoelectronics USA, Inc. (CMO USA) is a subsidiary of Chimei and is incorporated in Delaware with its principal place of business at 101 Metro Drive Suite 510, San Jose, California, 95110.  On information and belief, CMO USA is in the business of either directly or indirectly importing into, selling, and/or offering for sale Chimei Innolux LCD Products within the United States, including this judicial district.

2

8.     On information and belief, MStar is a Taiwanese corporation with its principal place of business at 4F-1, No. 26, Tai-Yuan Street, ChuPei, Hsinchu Hsien, Taiwan 302, R.O.C. On information and belief, MStar is in the business of developing, manufacturing, marketing, and selling integrated circuit chips that are incorporated into Chimei Innolux LCD Products that are then imported into, sold, and/or offered for sale within the United States, including this judicial district.

## JURISDICTION AND VENUE

9.     This is an action for patent infringement arising under the patents laws of the United States, 35 U.S.C. § 1, et seq. Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over Chimei, Innolux, CMO USA, and MStar because, among other reasons, they have committed and continue to commit acts of patent infringement in this judicial district, and have placed infringing products into the stream of commerce by shipping those products into this judicial district or knowing that the devices would be shipped into this judicial district.

11.     Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE ASSERTED PATENTS

12.     Thomson Licensing SAS owns, by assignment, all title, right, and interest in and to United States Letters Patent No. 6,121,941, entitled "Method and Device for the Controlling of Matrix Displays," which was duly and legally issued by the United States Patent & Trademark Office (Patent Office) on September 19, 2000. A copy of the '941 patent is attached as Exhibit A.

13.     Thomson Licensing SAS owns, by assignment, all title, right, and interest in and to United States Letters Patent No. 5,978,063, entitled "Smart Spacers For Active Matrix Liquid

3

Crystal Projection Light Valves," which was duly and legally issued by the Patent Office on November 2, 1999. A copy of the '063 patent is attached as Exhibit B.

14. Thomson Licensing SAS owns, by assignment, all title, right, and interest in and to United States Letters Patent No. 5,648,674, entitled "Array Circuitry With Conductive Lines, Contact Leads, And Storage Capacitor Electrode All Formed In Layer That Includes Highly Conductive Metal," which was duly and legally issued by the Patent Office on July 15, 1997. A copy of the '674 patent is attached as Exhibit C.

15. Thomson Licensing SAS owns, by assignment, all title, right, and interest in and to United States Letters Patent No. 5,621,556, entitled "Method Of Manufacturing Active Matrix LCD Using Five Masks," which was duly and legally issued by the Patent Office on April 15, 1997. A copy of the '556 patent is attached as Exhibit D.

16. Thomson Licensing SAS owns, by assignment, all title, right, and interest in and to United States Letters Patent No. 5,375,006, entitled "Twisted Nematic Liquid Crystal Display Devices With Optical Axis Of Birefringent Layer Inclined With Respect To Birefringent Layer Normal," which was duly and legally issued by the Patent Office on December 20, 1994. A copy of the '006 patent is attached as Exhibit E.

17. Thomson Licensing SAS owns, by assignment, all title, right, and interest in and to United States Letters Patent No. 5,041,888, entitled "Insulator Structure For Amorphous Silicon Thin-Film Transistors," which was duly and legally issued by the Patent Office on August 20, 1991. A copy of the '888 patent is attached as Exhibit F.

18. Thomson Licensing SAS owns, by assignment, all title, right, and interest in and to United States Letters Patent No. 5,153,754, entitled "Multi-Layer Address Lines For Amorphous

4

Silicon Liquid Crystal Display Devices," which was duly and legally issued by the Patent Office on October 6, 1992. A copy of the '754 patent is attached as Exhibit G.

19. Thomson Licensing LLC is authorized, under the terms of an agreement between it and Thomson Licensing SAS, to grant licenses under Thomson Licensing SAS's patents, including the patents-at-issue, to third parties for the manufacture and sale of consumer electronics products and is responsible for granting such licenses throughout the world.

20. The '941 patent, the '063 patent, the '674 patent, the '556 patent, the '006 patent, the '888 patent, and the '754 patent are collectively referred to herein as the "patents-at-issue."

## CLAIM FOR PATENT INFRINGEMENT

21. On information and belief, in violation of 35 U.S.C. § 271, the Chimei Innolux parties and MStar have, without authorization or license, infringed and continue to directly infringe, contributorily infringe, and/or induce infringement of the '941 patent in this judicial district and elsewhere in the United States through the manufacture, use, offer for sale, sale, and/or importation of Chimei Innolux LCD Products. This group of products includes, but is not limited to, Acer LCD Monitor Model S243HL, containing MStar scalar chip TSUM088-GDI-LF-1, and other components that embody and/or employ the claimed structures and/or operate or are manufactured according to claimed processes of the '941 patent. The Chimei Innolux parties and MStar will continue to infringe the '941 patent unless enjoined therefrom by this Court.

22. On information and belief, in violation of 35 U.S.C. § 271, the Chimei Innolux parties have, without authorization or license, infringed and continue to directly infringe, contributorily infringe, and/or induce infringement of the '063 patent in this judicial district and elsewhere in the United States through the manufacture, use, offer for sale, sale, and/or importation of Chimei Innolux LCD Products. This group of products includes, but is not limited

5

to, Hyundai LCD Monitor Model X93W and other products that embody and/or employ the claimed structures of the '063 patent.  The Chimei Innolux parties will continue to infringe the '063 patent unless enjoined therefrom by this Court.

23.    On information and belief, in violation of 35 U.S.C. § 271, the Chimei Innolux parties have, without authorization or license, infringed and continue to directly infringe, contributorily infringe, and/or induce infringement of the '674 patent in this judicial district and elsewhere in the United States through the manufacture, use, offer for sale, sale, and/or importation of Chimei Innolux LCD Products. This group of products includes, but is not limited to Westinghouse LCD Monitor Model L1916HW and other products that embody and/or employ the claimed structures of the '674 patent.  The Chimei Innolux parties will continue to infringe the '674 patent unless enjoined therefrom by this Court.

24.    On information and belief, in violation of 35 U.S.C. § 271, the Chimei Innolux parties have, without authorization or license, infringed and continue to directly infringe, contributorily infringe, and/or induce infringement of the '556 patent in this judicial district and elsewhere in the United States through the manufacture, use, offer for sale, sale, and/or importation of Chimei Innolux LCD Products. This group of products includes, but is not limited to Hyundai LCD Monitor Model X93W and other products that embody and/or employ the claimed structures of the '556 patent.  The Chimei Innolux parties will continue to infringe the '556 patent unless enjoined therefrom by this Court.

25.    On information and belief, in violation of 35 U.S.C. § 271, the Chimei Innolux parties have, without authorization or license, infringed and continue to directly infringe, contributorily infringe, and/or induce infringement of the '006 patent in this judicial district and elsewhere in the United States through the manufacture, use, offer for sale, sale, and/or

importation of Chimei Innolux LCD Products. This group of products includes, but is not limited to Hyundai LCD Monitor Model X93W and other products that embody and/or employ the claimed structures of the '006 patent. The Chimei Innolux parties will continue to infringe the '006 patent unless enjoined therefrom by this Court.

26. On information and belief, in violation of 35 U.S.C. § 271, the Chimei Innolux parties have, without authorization or license, infringed and continue to directly infringe, contributorily infringe, and/or induce infringement of the '888 patent in this judicial district and elsewhere in the United States through the manufacture, use, offer for sale, sale, and/or importation of Chimei Innolux LCD Products. This group of products includes, but is not limited to Hewlett-Packard LCD Monitor Model w2207 and other products that embody and/or employ the claimed structures of the '888 patent.

27. On information and belief, in violation of 35 U.S.C. § 271, the Chimei Innolux parties have, without authorization or license, infringed and continue to directly infringe, contributorily infringe, and/or induce infringement of the '754 patent in this judicial district and elsewhere in the United States through the manufacture, use, offer for sale, sale, and/or importation of Chimei Innolux LCD Products. This group of products includes, but is not limited to Hewlett-Packard LCD Monitor Model w2207 and other products that embody and/or employ the claimed structures of the '754 patent.

28. The Chimei Innolux parties and MStar's acts of infringement of the patents-at-issue have caused and will continue to cause Thomson Licensing substantial and irreparable injury, for which Thomson Licensing is entitled to receive injunctive relief and damages adequate to compensate it for such infringement.

7

29.     On information and belief, the Chimei Innolux parties and MStar's acts of infringement of the patents-at-issue have been and are being committed with knowledge of the patents-at-issue, intentionally and in a willful and wanton manner in deliberate disregard of the patent rights of Thomson Licensing.

## DEMAND FOR RELIEF

WHEREFORE, Thomson Licensing prays that this Court enter judgment in its favor and against the Chimei Innolux parties and MStar and grant the following relief:

A.     Enjoin the Chimei Innolux parties and MStar, their officers, agents, servants, employees, and any others acting in concert with the Chimei Innolux parties and MStar from infringing the '941 patent;

B.     Enjoin the Chimei Innolux parties, their officers, agents, servants, employees, and any others acting in concert with the Chimei Innolux parties from infringing the '063 patent, the '674 patent, 'the 556 patent, and the '006 patent;

C.     Award Thomson Licensing damages resulting from the Chimei Innolux parties and MStar's acts of infringement, order the Chimei Innolux parties and MStar to account for and pay to Thomson Licensing damages adequate to compensate Thomson Licensing for the infringement of its patent rights, and award Thomson Licensing its costs and pre-judgment and post-judgment interest at the highest rate allowable by law, pursuant to 35 U.S.C. § 284;

D.     As a result of the Chimei Innolux parties and MStar's willful acts of infringement, award Thomson Licensing treble damages pursuant to 35 U.S.C. § 284;

E.     Declare this case exceptional pursuant to 35 U.S.C. § 285, and award Thomson Licensing its attorney fees, costs and expenses; and

F.     Grant Thomson Licensing such other relief as is just and proper.

## JURY DEMAND

Thomson Licensing hereby demands trial by jury in this action triable of right by jury.

*Anne Shea Gaza*

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

OF COUNSEL:

Alexander J. Hadjis
AHadjis@mofo.com
Alan Cope Johnston
ACJohnston@mofo.com
Kristin L. Yohannan
KYohannan@mofo.com
Mark E. Ungerman
MUngerman@mofo.com
Morrison & Foerster LLP
2000 Pennsylvania Ave. NW
Suite 6000
Washington, DC 20006
(202) 887-1500

*Counsel for Plaintiffs, Thomson Licensing,*
*SAS and Thomson Licensing LLC*

Nicole M. Smith
NSmith@mofo.com
Morrison & Foerster LLP
555 W. 5th Street
Los Angeles, CA
(213) 892-5200

Dated: July 23, 2010